## H. Clay Merrit v. The People of the State of Illinois.

| 68  273|
|169s 218|

1. GAME LAW—*Possession or Sale of Birds Killed in Another State.*— The provisions of the game law, which make it unlawful for any person to sell, expose for sale or have in his possession for the purpose of sale, certain animals, fowls and birds therein mentioned, at certain seasons, apply to a person who has in his possession any of such animals, fowls or birds, although they were killed outside of this State and have been shipped to him in this State.

Information, for having possession of game for the purpose of sale. Error to the County Court of Henry County; the Hon. A. R. MOCK, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

BLISH & LAWSON and C. C. WILSON, attorneys for plaintiff in error.

M. T. MOLONEY, Attorney-General, and EMERY C. GRAVES, State's Attorney Henry county, for defendant in error; T. J. SCOFIELD and M. L. NEWELL, of counsel.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

The plaintiff in error was convicted upon information in the County Court for having in his possession, for the purpose of sale, on the 18th of July, 1895, quail, prairie chickens and ducks, contrary to the provisions of Chap. 61, Rev. Stat., known as the Game Law. He was fined $805. He was at that date in the cold storage business at Kewanee, Illinois, and it is not disputed that he had a large quantity of game in his warehouse, and sold and shipped to one S. L. Hough, at Hinsdale, Illinois, 161 birds of the kind named. But he claimed in the court below, as he does here, that he is not amenable to the statute, for the reason that the game was not killed in Illinois, but was shipped to him from points without the State during the months of November and December, 1894, and January, 1895.

The question presented for our decision is whether game of the kind mentioned, killed in and imported from other States, is within the inhibition of the statute.

It is contended by counsel for plaintiff in error that a fair construction of the statute—which makes it a criminal offense to have in one's possession, for the purpose of selling, any of the wild animals, fowls, or birds which it is unlawful to kill at certain seasons of the year—would limit the words in the statute to those animals, fowls, and birds intended to be protected, viz., those within the State of Illinois.

It is contended that while the law guards against the possible invasion of it by prohibiting the possession and selling of the game, it was only intended to make the possession *prima facie* evidence of the violation of the act, and that where it is made to appear that a person charged with

a violation came into possession of the game as a consignee, and that the game was killed in another State, he is not amenable to punishment.

To hold as contended for would bring us in direct conflict with the views of our Supreme Court, as expressed in the opinion of the late Justice Schofield in Magner v. The People, 97 Ill. 320. In that case the court held that the statute applies to a person who has in his possession and sells quails killed in the State of Kansas, and which have been shipped to him in this State. The various provisions of the game law, and the purpose of its passage, are elaborately considered in the opinion.

It is decisive of this case, and it is only necessary to refer to it in support of our holding that the plaintiff in error has been rightfully convicted.

Judgment affirmed.